## IN THE UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | | |
|---|---|---|
| BRET BRAY, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. _____ |
| v. | ) ) | |
| LATHEM TIME CO., | ) ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

1.      Under 28 U.S.C. § 1332(a), Defendant Lathem Time Co. ("Lathem") removes this action from the Circuit Court of Montgomery County, Illinois to the U.S. District Court for the Central District of Illinois, Springfield Division.  Jurisdiction is proper under Section 1332(a) because complete diversity exists – Plaintiff Bret Bray ("Plaintiff") is an Illinois citizen, and Lathem is a Georgia citizen – and based on Plaintiff's allegations, his individual claims might exceed $75,000 in value.  *See Normand v. Orkin Exterminating Co.*, 193 F.3d 908, 910 (7th Cir. 1999) ("To maintain a suit in which the stakes must exceed some specified minimum, the plaintiff (or the defendant, if the suit is removed) need demonstrate no more than a good faith, minimally reasonable belief that the suit might result in a judgment in excess of that amount.").

2.      Subject matter jurisdiction also exists under the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. § 1332(d)(2) and 28 U.S.C. § 1453(b).  This supposed class action is subject to this Court's jurisdiction under Section 1332(d)(2) because minimal diversity exists and it is "not legally impossible" that the putative class members' claims exceed $5,000,000.  *See Spivey v. Vertrue*, 528 F.3d 982, 983 (7th Cir. 2008) (for removal under CAFA, defendant need only show recovery at the $5,000,000 threshold is "not legally impossible").

**CLAIMS ASSERTED AND RELIEF SOUGHT**

3.     Through his Class Action Complaint (the "Complaint"), Plaintiff purports to state statutory claims against Lathem under the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA") on behalf of himself and a putative class.  Plaintiff alleges that, under BIPA, a private entity may not obtain biometrics from any individual unless that entity first: (a) informs the individual in writing of the specific purpose and length of term for which that biometric data is being collected, stored, and used; (b) publicly publishes written retention schedules and guidelines for the permanent destruction of the biometric data; and (c) receives a written release from the person for the collection of such biometric data.  (Compl. ¶ 52.)

4.     According to Plaintiff, "Lathem is a leading provider of human resource management software and services that's best known for helping hundreds of thousands of businesses track employee time and process payroll."  (*Id.* ¶ 1.)  He alleges that "when an employee first begins work at a company that uses one of Lathem's biometric devices, they are required to have their facial geometry scanned in order to enroll them in the Lathem database" (*id.* ¶ 28), and that as an employee of a third party, Hixson Lumber Supply in Hillsboro, Illinois ("Hixson"), he "was required to scan his facial geometry on a Lathem device each time he clocked in for work and clocked out of work" (*id.* ¶¶ 38, 41).

5.     Plaintiff claims that Lathem "disregards [its purported BIPA] obligations and instead unlawfully collects, stores, and uses employees' biometric identifiers and information, without ever receiving the individual's informed written consent required by BIPA."  (*Id.* ¶ 34.)  He further claims that Lathem violated BIPA by failing to: (a) inform him and the putative class members to whom it "discloses their biometric data, or what might happen to their biometric data in the event of a merger or bankruptcy" (*id.* ¶ 36); and (b) "provide a publicly available retention schedule or guidelines for permanently destroying biometric identifiers and biometric

information as specified in BIPA" (*id.* ¶ 69). Plaintiff also alleges that he "has continuously and repeatedly been exposed to the risks and harmful conditions created by [Lathem's] violations of BIPA" (*id.* at ¶ 45), and that Lathem "systematically and automatically disclosed, redisclosed, or otherwise disseminated Plaintiff's biometric identifiers" (*id.* at ¶ 88).

6.      Plaintiff seeks to bring his BIPA claim on behalf of a putative class defined as:

> All individuals working in the State of Illinois who had their facial geometry collected, captured, received, obtained, maintained, stored or disclosed by [Lathem] during the applicable statutory period. (*Id.* ¶ 53.)

7.      Plaintiff seeks declaratory relief, injunctive relief, and statutory and other damages associated with Lathem's alleged misconduct, plus costs and attorneys' fees. (*Id.* ¶ 90.) In particular, he seeks "statutory damages of $5,000 for each willful and/or reckless violation of BIPA . . . or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA . . . ." (*Id.* ¶¶ 71, 81, 90.)

## JURISDICTION UNDER 28 USC § 1332(a)

8.      Under 28 U.S.C. § 1332(a), this Court has original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States . . . ." A corporation is "deemed to be a citizen of every [s]tate . . . by which it has been incorporated and of the [s]tate where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1). A corporation's "principal place of business" under § 1332(c)(1) is its "nerve center", that is, "the place where the corporation maintains its headquarters." *Hertz Corp. v. Friend*, 559 U.S. 77-92-93 (2010).

9.      The jurisdictional requirements of 28 U.S.C. §1332(a) are satisfied here.

10.      First, Plaintiff and Lathem are citizens of different states. Plaintiff is a citizen of Illinois (Compl. ¶ 10), and Lathem is a citizen of Georgia, where it is incorporated and has its

principal – and only – places of business.  (Declaration of Lance Whipple ("Whipple Decl."), a copy of which is submitted herewith as **Exhibit A**, at ¶ 3.)

11.     And second, Plaintiff's allegations put at least $75,000 in controversy for his claims alone.  Specifically, Plaintiff alleges that he worked for an employer that scanned his facial geometry using a Lathem device (Compl. ¶ 39), that his rights under BIPA were violated each time he used the device (*see id.* ¶¶ 41-45), and that each violation gives rises to three separate causes of action and entitles him to either $5,000 or $1,000 in statutory damages (*id.* ¶¶ 71, 81, 90).  According to Lathem's records, Plaintiff clocked in or out using a Lathem device 40 times between February 19, 2019 and March 15, 2019.  (Whipple Decl. at ¶ 4.)  Thus, under Plaintiff's theory – according to which each scan supposedly gave rises to at least one violation of the statute – the amount in controversy for Plaintiff's personal claims might exceed $75,000.

## JURISDICTION UNDER 28 USC § 1332(d)(2)

12.     The Court also has jurisdiction over this case under CAFA.

13.     CAFA gives the Court original jurisdiction over "any civil action": (a) in which the "matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs"; and (b) which is a "class action" in which "any member of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. § 1332(d)(2).  A "class action" is defined as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action."  *Id.* § 1332(d)(1)(B).  To determine the amount in controversy under CAFA, the claims of the class members are aggregated.  *Id.* § 1332(d)(6).

14.     The jurisdictional requirements of 28 U.S.C. §1332(d)(2) are satisfied here.

15.     First, this lawsuit is a "class action," in that Plaintiff seeks to bring BIPA claims on behalf of "[a]ll individuals working in the State of Illinois who had their facial geometry

collected, captured, received, obtained, maintained, stored or disclosed by [Lathem] during the applicable statutory period." (Compl. ¶ 53.)

16. Second, the parties are at least minimally diverse for CAFA purposes. 28 U.S.C. § 1332(d)(2)(A); *see Lewert v. P.F. Chang's China Bistro, Inc.*, 819 F.3d 963, 965-66 (7th Cir. 2016) (minimal diversity exists under CAFA where class representatives were citizens of Illinois and defendant was a Delaware corporation with its principal place of business in Arizona). Here, Plaintiff is a citizen of Illinois, and Lathem is a citizen of only Georgia. *See*, *supra,* ¶ 10.

17. And third, according to Plaintiff's allegations, the aggregate amount of the putative class members' claims exceeds $5,000,000. Lathem denies that it violated BIPA and that this case is appropriate for class treatment. Nevertheless, its records reflect that over 1,001 individuals working in Illinois used Lathem technology that Plaintiff claims violates BIPA at their places of employment. (Whipple Decl. at ¶ 5.) Plaintiff alleges that each purported scan of those individuals' faces when they clocked in and out of work gave rise to multiple violations of BIPA, and that each such violation entitles the putative class members to either $5,000 or $1,000 of statutory damages. *See*, *supra*, ¶ 11. Even if each putative class member recovered for only one allegedly "reckless" violation of the statute, the aggregate amount in controversy would exceed $5,000,000 (*e.g.*, 1,001 x $5,000 = $5,005,000). Thus, it is not legally impossible that the aggregate value of the putative class's claims exceeds $5,000,000, and jurisdiction is proper.

## PROCEDURE FOR REMOVAL

18. Lathem was served with the Complaint in this matter on May 20, 2019. (Whipple Decl. ¶ 6.) Lathem is filing this notice within 30 days of the date of service. This Notice of Removal therefore is timely under 28 U.S.C. § 1446(b).

19.     Removal to this Court is proper because the U.S. District Court for the Central District of Illinois, Springfield Division is the District Court of the United States for the district and division embracing the Circuit Court of Montgomery County, Illinois.  28 U.S.C. § 93(a)(1).

20.     A copy of all process, pleadings and orders served upon Lathem are attached as **Exhibit B** in accordance with 28 U.S.C. § 1446(a).

21.     Lathem is filing notice of the removal of this action with the Circuit Court of Montgomery County, Illinois in accordance with 28 U.S.C. § 1446(d).

Respectfully submitted,

**LATHEM TIME CO.**

By:     s/ Christopher G. Dean
           One of its attorneys

Christopher G. Dean (ARDC # 6292676)
Jacob D. Radecki (ARDC # 6321345)
MCDONALD HOPKINS LLC
300 North LaSalle, Suite 1400
Chicago, IL 60654
312-280-0111
*cdean@mcdonaldhopkins.com*
*jradecki@mcdonaldhopkins.com*

## <u>CERTIFICATE OF SERVICE</u>

 I, Christopher G. Dean, an attorney, hereby certify that on June 18, 2019, I electronically filed **Defendant's Notice of Removal** with the Clerk of the Court using the Electronic Case Filing System. The document was served on the following participant(s) listed below by e-mail and overnight mail, postage prepaid, on the 18th day of June, 2019.

Ryan F. Stephan
Haley R. Jenkins
STEPHAN ZOURAS, LLP.
100 N. Riverside Plaza - Suite 2150
Chicago, Illinois 60606
rstephan@stephanzouras.com
hjenkins@stephanzouras.com

Brandon M. Wise
PUFFER WOLF CARR & KANE,
APLC.
818 Lafayette Avenue - Floor 2
St. Louis, MO 63104
bwise@pwcklegal.com

/s/ Christopher G. Dean